UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

---

| UNITED STATES OF AMERICA, | No. 1:08-CR-47 |
|---|---|
| Plaintiff, | |
| | Hon. Paul L. Maloney |
| v. | Chief United States District Judge |
| AREN BERNARD BURTHWICK, | |
| Defendant. | |
| _____/ | |

## PLEA AGREEMENT

This constitutes the plea agreement between AREN BERNARD BURTHWICK and the U.S. Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. <u>Defendant Agrees to Plead Guilty.</u> The Defendant agrees to give up the right to Indictment by a grand jury and agrees to plead guilty to the Superseding Felony Information that the United States Attorney's Office shall file in accordance with paragraph 8 of this agreement. The Felony Information shall allege a single count of Misprision of Felony, in violation of Title 18, United States Code, Section 4.

2. <u>Defendant Understands the Crime.</u> In order for Defendant to be guilty of violating Title 18, United States Code, Section 4, the following must be true: (1) the Defendant must have had knowledge of the actual commission of a felony; (2) that felony must have been cognizable, that is, subject to prosecution, in a court of the

United States; (3) the Defendant must thereafter have failed to make that felony known, as soon as possible, to a judge or other person in civil authority under the United States; and (4) the Defendant must have done an affirmative act to conceal the crime. The Defendant is pleading guilty because he is guilty of the charge described above.

3. <u>Waiver of Statute of Limitations</u>. The Defendant understands that 18 U.S.C. § 3282 provides a general five-year statute of limitations, that the offense of Misprision of Felony is subject to that limitation, and that he may therefore raise that statute as an affirmative defense. Understanding this fact, and as provided in Paragraph 5, the Defendant hereby affirmatively waives the defense of statute of limitations.

4. <u>The Defendant Understands the Penalties</u>. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 4 is the following: imprisonment for three years; supervised release for one year; a fine of $250,000; and a mandatory special assessment of $100. The Defendant agrees to pay the special assessment at or before the time of sentencing unless the Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

5. <u>The Sentencing Guidelines</u>. The Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing the Defendant. The Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The Defendant understands that the Defendant and the Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and

recommendations concerning the calculation of the Guideline range and the sentence to be imposed. The Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement. The Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

6. <u>Waiver of Constitutional Rights</u>. By pleading guilty, the Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the Defendant would have had the following rights:

   a. The right to the assistance of counsel, including, if the Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent the Defendant.

   b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove the Defendant guilty beyond a reasonable doubt.

   c. The right to confront and cross-examine witnesses against the Defendant.

   d. The right, if the Defendant wished, to testify on her own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e. The right not to be compelled to testify and, if the Defendant chose not to testify or to present evidence, the right to be protected from having that choice used against him at trial.

By pleading guilty the Defendant also gives up any and all rights to pursue any affirmative defenses, including, but not limited to: alibi, statute-of-limitations, duress, entrapment, coercion, and insanity. The Defendant also gives up the right to raise any Fourth Amendment or Fifth Amendment issues, along with any other issues that could have been raised by pretrial motion.

7. <u>Waiver of Appeal and Collateral Attack</u>. The Defendant understands that the law affords him the right to appeal the sentence imposed. Acknowledging this, the Defendant knowingly waives the right to appeal a sentence that is within the applicable guideline range as determined by the Court at sentencing and the manner in which the sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or any ground whatever, in exchange for the concessions made by the United States Attorney's Office in this plea agreement, except that the Defendant may appeal on grounds, preserved at sentencing, that the Court incorrectly determined the guideline range. This agreement does not affect in any way the right of the U.S. Attorney's Office to appeal the sentence imposed by the Court. The Defendant also waives the right to challenge the sentence imposed, the manner in which it was determined, and any other aspect of the disposition of the charges against her, in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

8. <u>The United States Attorney's Office Agrees</u>: The U.S. Attorney's Office

agrees not to oppose the Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under §3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by the Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government states that the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying it of his intention to enter guilty pleas, thereby permitting the Government to avoid preparing for trial, and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

9. <u>Dismissal of Other Charges</u>. The U.S. Attorney's Office agrees to move to dismiss the original Indictment against the Defendant at the time of sentencing.

10. <u>Consequences of Breach</u>. If the Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement and to deny the Defendant any or all benefits to which he would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement on such grounds, then the agreement shall be considered null and void, the parties shall return to the same position they were in prior to the execution of this agreement, and the prosecution shall proceed as if the agreement had never existed. In such an event, the Defendant shall remain liable for prosecution on all original charges, and the United States shall also be free to bring such additional charges as the law and facts warrant, both in the Western District of Michigan and elsewhere. The Defendant further agrees to waive and forever give up

his right to raise any claim that any such prosecution is time-barred, provided that such prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

11. <u>The Court Is Not a Party to This Agreement</u>.  The Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.  The Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement.  The Defendant understands that no one – not the prosecutor, the Defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence that the Defendant will receive, except that it will be within the statutory maximum.

12. <u>This Agreement Is Limited to the Parties</u>.  This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan and cannot bind any other Federal, State or local prosecuting, administrative or regulatory authority.  This agreement applies only to crimes committed by the Defendant.

13. <u>This Is the Complete Agreement</u>.  This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties.  No other promises have been made, nor may any

additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

CHARLES R. GROSS
United States Attorney
Western District of Michigan

_9 Sept 2008_
Date

_/s/ H.W. Frank_
HAGEN WALTER FRANK
Assistant United States Attorney
Western District of Michigan

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_11 Sept. 2008_
Date

_/s/ Aren B. Burthwick_
AREN BERNARD BURTHWICK
Defendant

I am AREN BERNARD BURTHWICK's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_9-11-08_
Date

_/s/ Scott Graham_
SCOTT G. GRAHAM, Esq.
Attorney for Defendant